# Exhibit 3



July 12, 2011

To Whom It May Concern,

As you know, I, R. Todd Neilson (the "Examiner"), am the examiner with expanded powers appointed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the chapter 11 cases (the "Esmerian Debtors' Cases") of R. Esmerian, Inc. ("REI") and Ralph Esmerian ("Esmerian", and collectively with REI, the "Esmerian Debtors"). I have been provided with a copy of the Stipulation of Settlement dated as July 11, 2011 between and among (i) FLHI Liquidation Trust (the "Trust"); (ii) Robert Hoberman ; (ii) Jill Hoberman; (iii) Calabash Associates LLC ("Calabash", and collectively with Robert Hoberman and Jill Hoberman, the "Hoberman Defendants"); (iv) HGL Management LLC; (v) Mitchel May; (vi) Knight Jewels LLC ; (vii) Giuseppe Torroni; (viii) G. Torroni S.A.; (ix) Mace Blickman; (x) Jerry Blickman, Inc.; (xi) Jeweled Objects LLC ("JO") (xii) Benjamin Zucker; (xiii) Charles Zucker Cultures Pearl Corp. d/b/a Precious Stones Company; (xiv) Bernard Hoberman; (xv) Ruth Hoberman; (xvi) Larry Goldstein; (xvii) Steve Lesser; (xviii) Robert Wolfson; and (xix) Jacqueline May (the Stipulation of Settlement, hereinafter, the "Settlement Agreement").

On behalf of myself, solely in my capacity as the Examiner in the Esmerian Debtors' Cases, and on behalf of any successor in interest to me as the Examiner in the Esmerian Debtors' Cases, as the case may be, write to state that I (i) have no objections to the Settlement Agreement; (ii) do not object to good and marketable title passing to the Hoberman Defendants and JO with respect to the property identified and described on Exhibits A-1, A-2 and B to the Settlement Agreement (the "Contested and Uncontested Property") upon the Bankruptcy Court's approval of the Settlement Agreement; and (iii) agree to use reasonable efforts to search for and deliver to the Hoberman Defendants and JO appropriate certificates of provenance with respect to the Contested Property and the Uncontested Property to the extent that such certificates of provenance are in my or my successor's possession, custody or control, as the case may be, and that are necessary to effectuate a sale of the Contested Property and the Uncontested Property by the Hoberman Defendants and JO.

In addition, I do not object to the withdrawal of the October 7, 2010 grand jury subpoena issued to any or all of the Hoberman Defendants and JO by the United States Attorney's Office for the Southern District of New York.



Nothing in this letter should be construed as my, in my capacity as the Examiner, on behalf of the Esmerian Debtors, or any successor in interest to the Esmerian Debtors or myself as Examiner, giving nor receiving any releases or waiving any claims or defenses to *any* person or entity. Nor should this letter be construed as making any accommodation other than as expressly set forth herein.

Very truly yours,

R. Todd Neilson